RECEIVED
IN ALEXANDRIA, LA.

APR 3 0 2012

TONY R. MOORE, CLERK
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ATTERBERY TRUCK SALES, INC., ET AL | : | DOCKET NO. 2:12-0497 |
| VS. | : | JUDGE TRIMBLE |
| NAVISTAR, INC., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the court is "Plaintiffs' Motion to Dismiss Navistar's Counterclaim for Lack of Subject Matter Jurisdiction" (R. #7) wherein plaintiffs move for an order dismissing Navistar's counter-claim seeking declaratory relief. Plaintiffs maintain that this court does not have subject matter jurisdiction over defendant, Navistar, Inc.'s ("Navistar") counterclaim because the Louisiana Motor Vehicle Commission ("LMVC") has exclusive/primary jurisdiction. The LMVC has also filed an *Amicus Curia* Memorandum for informational purposes related to Atterbery's motion to dismiss Navistar's counterclaim for lack of subject matter jurisdiction.

## FACTUAL ALLEGATIONS

Atterbery Truck Sales, Inc. ("Atterbery") is an International Truck dealership located in Calcasieu Parish. Navistar is the franchise dealer. Atterbery and Navistar entered a franchise agreement on August 28, 2008. Navistar provides new vehicle warranties and utilizes its dealer network to service warrantied items. Navistar Customer Service Engineers call on dealers such as Atterbery to assist with warranty service work.

John Gislason, a Customer Service Engineer, visited the Atterbery dealership on September

16, 2010 to inspect and photograph a vehicle in need of repair; initially, the warranty engineers had disallowed the warranty claim. After photographing the truck, Mr. Gislason met with Atterbery employee, David Sherer, and various other shop personnel. Subsequently, Mr. Gislason and Mr. Sherer met with Ted Atterbery, Jr. in his office to discuss the warranty claim. During the discussion which also included Texas deer and hog hunting, Mr. Atterbery opened a case holding a handgun and commented that "maybe we could convince the warranty engineers with this."

After the meeting, Mr. Gislason offered to buy lunch for the Atterbery management. With the exception of Mr. Atterbery, the management accepted the invitation and all went to lunch with Mr. Gislason. After lunch, Mr. Gislason returned to the dealership and completed his work.

Some time thereafter, Mr. Gislason report the "gun incident" to his boss who allegedly directed him to report the incident to the police. Mr. Gislason did in fact report the incident to the Lake Charles Police Department ("LCPD"). On October 20, 2010, the LCPD informed Mr. Atterbury that a complaint had been filed against him with respect to the gun incident. After Mr. Atterbury and Mr. Sherer made written statements to the police and the file was submitted to the Calcasieu Parish District Attorney, the complaint was reviewed and summarily dismissed as not constituting an assault or other criminal activity. Despite the dismissal or lack of prosecution, Mr. Gislason continued to allege that he had been assaulted by Mr. Atterbery.

On November 24, 2010, Navistar issued a formal letter to the Atterbery dealership seeking to terminate the Atterbery/Navistar truck dealership franchise agreement. Atterbery filed a complaint with the LMVC as to the alleged wrongful termination of the franchise agreement. On February 28, 2011, the LMVC stayed Navistar's attempted termination of the Dealer Agreement. Atterbery alleges that the gun incident is not a violation of the termination section of the dealership franchise

2

contract, and that Navistar has acted in bad faith to breach the contract. In the proceeding before the LMVC, Atterbery filed a motion for summary judgment which was initially denied by the LMVC.[1] Atterbery filed a second motion for summary judgment which the LMVC granted; consequently, the relief granted denied termination of the franchise. Navistar appealed the ruling to the Louisiana State Court, 24th Judicial District, Jefferson Parish, Louisiana.[2] That appeal is currently pending.

On October 13, 2011, Atterbury filed the instant suit in state court which was removed to this court based on complete diversity of citizenship pursuant to 28 U.S.C. § 1332. The instant lawsuit alleges claims for malicious prosecution, defamation and bad faith termination of a franchise contract. In response to this lawsuit, defendant filed an answer and counterclaim. In its counterclaim, defendant asserts that the counterclaim is compulsory under Rule 13 (a) of the Federal Rules of Civil Procedure because Navistar's counterclaim arises from the same transaction or occurrences as plaintiffs' original claims. Navistar seeks a declaratory judgment pursuant to 28 U.S.C. § 2201-2202 declaring that it had just cause to terminate the Dealer Agreement pursuant to Louisiana Revised Statute § 32:1261(1)(d). Atterbery seeks to dismiss the counterclaim in the instant motion.

## LAW AND ANALYSIS

Plaintiffs maintain that Navistar's counterclaim is not compulsory because this particular

---

[1] In its motion for summary judgment, Atterbery argued that Navistar did not have the contractual right under the Dealer Agreement to terminate Atterbery's franchise for the incident in question, and that the termination provisions of the Code were inapplicable. Navistar argued that its proposed termination was based on provisions of the Code, not the Dealer Agreement. R. # 7-3 ¶¶ 11-12. In other words, the Code provision does not limit "just cause" to breaches of the Dealer Agreement.

[2] Docket No. 707-911.

claim – that Navistar had just cause to terminate the Dealer Agreement pursuant to Louisiana Revised Statute § 32:1261(1)(d)– is (1) currently pending in the 24th JDC, and/or (2) the Navistar claim does not raise a federal issue of law.

Navistar maintains that this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because its counterclaim arises from the same transaction or occurrence as Atterbery's original claims – the September 16, 2010 gun incident. Navistar further maintains that this court has complete diversity jurisdiction because Atterbery and Navistar are diverse citizens and the amount in controversy is in excess of $75,000.

As to Atterbery's argument that the counterclaim is currently pending in the 24th Judicial District Court, Navistar maintains that the issue in the 24th JDC on judicial review adjudicates whether "just cause" to terminate under section 1261(1)(d)[3] of the Code is limited to termination

---

[3] This statute provides the following:

§ 1261. Unauthorized acts

It shall be a violation of this chapter:

    (1) For a manufacturer, a distributor, a wholesaler, distributor branch, factory branch, converter or officer, agent, or other representative thereof:

    (d) To unfairly, without just cause and due regard to the equities of such dealer, cancel the franchise of any licensee. Failure to meet performance standards based on a survey of sales penetration in a regional, national, territorial, or other geographic area shall not be the sole cause for cancellation of a franchise. The nonrenewal of a franchise or selling agreement with such dealer or his successor without just provocation or cause, or the refusal to approve a qualified transferee or qualified successor to the dealer-operator as provided for in the franchise or selling agreement, or solely for failure to meet performance standards based on a survey of sales penetration in a regional, national, territorial, or other geographic area, shall be deemed an evasion of this Paragraph and shall constitute an unfair cancellation, regardless of the terms or provisions of such franchise or selling agreement. However, at least ninety-days notice shall be given to the

grounds set forth in the Dealer Agreement. In other words, does the Navistar-Atterbery Dealer Agreement trump the "just cause" provisions of the Code? Navistar maintains that the judicial review does not adjudicate whether Atterbery's conduct constituted "just cause" for termination of the Dealer Agreement.

Atterbery argues that the issue on judicial review is the same exact issue alleged by Navistar's counterclaim, and that there was no "narrow ruling" by the administrative body. The Findings of Fact by the LMVC are as follows:

1. A dealer sales and maintenance agreement was entered into between Navistar and Atterbery on August 25, 2008 (hereinafter "franchise agreement").

2. The franchise agreement gives Navistar a right to terminate the agreement only in the event Atterbery violates the terms and provisions in the franchise agreement.

3. Navistar sent a notice of termination letter to Ted Atterbery, Jr. via certified mail dated November 24, 2010.

4. Navistar admits that neither Atterbery, nor Ted Atterbery, Jr. violated any of the terms or provisions of the franchise agreement.[4]

The LMVC made the following "Conclusions of Law;"

Based on the findings of fact, Navistar is without grounds to terminate the franchise agreement.[5]

In its Petition for Judicial Review, among other things, Navistar argues that the Code (La.

---

dealer of any cancellation or nonrenewal of a franchise except for a cancellation arising out of the financial default of the motor vehicle dealer or fraudulent activity of the dealer principal which results in the conviction of a crime punishable by imprisonment. The provisions of this Subsection relating to performance standards shall not apply to recreational products dealers.

[4] Atterbery's Exhibit A.

[5] Id.

R.S. 32:1261(1)(d)) does not limit "just cause" to breaches of the franchise agreement. In other words, the issue on judicial review would contemplate whether that because of the gun incident, Navistar had "just cause" to terminate the franchise agreement pursuant to the Code even though admittedly Navistar can point to no provisions in the agreement that provide the basis for termination.

The summary decision issued by the LMVC does not provide reasons for its decision. However, in its *Amicus Curia* Memorandum, the agency represents that the core issue presented in Navistar's judicial review requires that the court interpret Louisiana Revised Statute 32:1261(1)(d). The LMVC maintains that Navistar's counterclaim, which seeks interpretation of the statute is the exact same scenario presented to the LMVC for adjudication and presently upon judicial review by a Louisiana state district court. The LMVC remarks that it is possible that the Louisiana district court reviewing the state law may rule in favor of Navistar, thus negating the need for this court to interpret the state law. Also, the LMVC notes that this is the first occasion that a Louisiana district court is to interpret this state law as posited before the LMVC, and that the state court should be given the opportunity to interpret this state regulatory law.

After judicial review is complete and the state district court renders a decision, such decision would resolve this issue. Thus, we find that because the issue is the same issue presented in the judicial review which is before th
e state district court, we decline to intervene and render our own interpretation of the statute.

## CONCLUSION

Based on the foregoing, the motion to dismiss will be granted dismissing Navistar's counterclaim.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 30th day of April, 2012.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE