RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 7/16/12

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ATTERBERY TRUCK SALES, INC., ET AL | : | DOCKET NO. 12-0497 |
| VS. | : | JUDGE TRIMBLE |
| NAVISTAR, INC., ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING AND ORDER

Before the court is "Defendant's Motion to Stay Pending Resolution of State Court Proceeding" (R. #24) wherein defendants, Navistar, Inc. and John Gislason ("Navistar"), move to stay this proceeding pending resolution of the state court proceeding in the 24th Judicial District Court. The state court proceeding involves a review of the Louisiana Motor Vehicle Commission's ("LMVC") ruling and its interpretation of Louisiana Revised Statute 32:1261(1)(d)[1] to determine whether or not the statute allowed a distributor to terminate a dealer agreement for any "just cause," no matter the terms of the agreement between the distributor (i.e. Navistar) and the dealer (i.e. Atterbery). The essence of Atterbery's complaint in the LMVC proceeding was that Navistar wrongfully terminated the sale and maintenance agreement (the franchise agreement) between Atterbery and Navistar. Atterbery's complaint to the LMVC sought to prevent termination of the franchise agreement. The terms of the franchise agreement provided for an automatic renewal every five years; it prohibited Navistar from terminating the agreement unless Atterbery breached any of the duties and obligations specified in the dealer agreement. Atterbery maintains that if there was no breach by Atterbery, then

---

[1] La.R.S. 32:1261(d)(1) provides in part that it is a violation of law for a distributor to unfairly, without just cause and due regard to the equities of such dealer, cancel the franchise of a licensee.

Navistar's attempted termination of the agreement was without just cause and consequently a breach of the franchise agreement. Navistar's position is that Louisiana Revised Statute 32:1261(1)(d) allows a distributor to terminate a franchise agreement for any "just cause", regardless of the terms of the agreement.

Navistar reminds the court that we deferred adjudication of Navistar's declaratory judgment counterclaims to the State Court proceeding to decide whether Navistar had "just cause" to terminate its business relationship with Atterbery. Thus, Navistar maintains that in the interest of judicial economy, the entire proceeding should be stayed.

Atterbery's claims in the instant lawsuit include malicious prosecution, defamation and bad faith breach of the franchise agreement. Navistar maintains that based on Atterbery's claims, the court will be required to address the interplay between the termination provisions of the franchise agreement and the "just cause" provisions of the statute. Navistar argues that if it is determined that Ted Atterbery threatened John Gislason, or if Navistar had "just cause" to terminate the franchise agreement, then Navistar could not have defamed or maliciously prosecuted plaintiffs. Similarly, Navistar could not have committed a bad faith breach of the franchise agreement if it had just cause to seek termination.

Atterbery maintains that Ted Atterbery, Jr. and John Gislason, parties in the instant lawsuit, are not parties to the LMVC proceedings and furthermore there are no tort-based damages before the LMVC and the malicious prosecution, defamation and bad faith breach of contract claims will not be resolved in the LMVC. While we agree that the tort claims in the instant lawsuit are separate and apart from the claim before the LMVC, before the breach of contract claim can be adjudicated, it must first be determined if Navistar had just cause to terminate the franchise agreement. That will require an interpretation of Louisiana Revised Statute 32:1261(1)(d). This is an issue that we have deferred to the state court proceeding.

Navistar further argues that Ted Atterbery and John Gislason, non parties to the state court proceedings, are adequately represented because Mr. Atterbery is the principal of Atterbery and Mr. Gislason is the engineer for Navistar who was allegedly threatened by Mr. Atterbery which was the basis for Navistar to terminate the franchise agreement.

The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel and for litigants.[2] This calls for the exercise of judgment which must weigh competing interests and maintain an even balance.[3]

Prior to the filing of the instant lawsuit, Atterbery filed a complaint with the LMVC to prevent the termination of its franchise agreement with Navistar. That complaint required an interpretation of Louisiana Revised Statute 32:1261(1)(d). Pursuant to a second filed motion for summary judgment, on October 3, 2011, the LMVC ruled in favor of Atterbery finding that Navistar was without grounds to terminate the franchise agreement. On November 1, 2011, Navistar appealed the LMVC ruling in the Twenty-Fourth Judicial District Court in Jefferson Parish. The state district court is in the process of reviewing the LMVC's interpretation of La.R.S. 32:1261(1)(d).

On October 13, 2011, Atterbery filed suit against Navistar for breach of contract, defamation and slander/malicious prosecution in the Fourteenth Judicial District Court for Calcasieu Parish, Louisiana. Navistar removed the suit to this court based on diversity of citizenship. Navistar answered the suit and filed a counterclaim seeking a declaratory judgment which required the interpretation of the statute. On April 30, 2012, the undersigned pursuant to Atterbery's motion, dismissed the

---

[2] Landis v. North American Co., 299 U.S. 248, 57 S.Ct. 163 (1936).

[3] Kansas City Southern R.Co. V. United States, 282 U.S. 760, 763, 51 S.Ct. 304, 305 (1931).

counterclaim because it consisted of the same issue presented on appeal to the Twenty-Fourth Judicial District Court.[4]

The undersigned is cognizant of the fact that the state court appeal will not resolve all issues presented in this lawsuit. However, resolution of the main issue, the interpretation of the statute, will potentially assist this court in determining the breach of contract claim asserted by Atterbery. Therefore, we find that in the interest of judicial economy and to prevent inconsistent judgments, it would benefit this court by staying these proceedings until the state court issues a ruling. Based on the foregoing, the motion to stay will be granted pending the outcome of the judicial review before the Twenty-Fourth Judicial District Court.

## ORDER

For the reasons set forth above, it is

**ORDERED** that the motion to stay is hereby **GRANTED** and it is ordered that all proceedings, including discovery in this case are hereby **STAYED** pending further order by the court. Should any party desire to proceed with discovery pending the stay, it may make application to the court for a limited lifting of the stay by motion requesting same.

**IT IS FURTHER ORDERED** that defendant, Navistar, advise the court when the state court proceeding is final at which time the court will lift the stay in this case for further proceedings.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 16 day of July, 2012.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[4] R. #22 and 23.